# Exhibit 1

Filed
D.C. Superior Court
03/02/2021 08:58AM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MAUREEN BETTON**<br>**1408 Delafield Pl, NW**<br>**Washington, DC 20011,** | ) ) ) ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:** 2021 CA 000619 B |
| **MEDSTAR WASHINGTON HOSPITAL** | ) | **JURY TRIAL DEMANDED** |
| **CENTER CORP.,**<br>**110 Irving Street, NW**<br>**Washington, DC 20010** | ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## COMPLAINT

Plaintiff Maureen Betton, by and through undersigned counsel, files this Complaint against Defendant Medstar Washington Hospital Center, Corp., ("Medstar") for violations of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.* ("Title VII") when it discriminated against her based on her sex and retaliated against her based on her protected activity.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to D.C. Code § 11-921, because the action arises under the laws of the District of Columbia, namely, the DCHRA.

2.      This Court has personal jurisdiction over Defendant Medstar because it conducts regular business in the District of Columbia, it maintains regular and systemic contacts with the District of Columbia, and because it is where the substantial majority of the events and omissions giving rise to Plaintiff's claims occurred.

1

**ADMINISTRATIVE EXHAUSTION**

3.     On or about June 21, 2019, Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") and cross-filed her Charge with the District of

Columbia Office of Human Rights.

4.     On or about November 30, 2020, Plaintiff received a Notice of Right to Sue letter

issued by the EEOC.

5.     Plaintiff timely files this Complaint within ninety days of receipt of the Notice of Right

to Sue.

**PARTIES**

6.     Plaintiff is a former employee of Defendant and a resident of the District of Columbia.

7.     MedStar Health is a not-for-profit healthcare organization. It operates more than 120

entities, including Medstar Washington Hospital Center located at 110 Irving St NW, Washington,

DC 20010.

**STATEMENT OF FACTS**

8.     On or about September 25, 2017, MedStar hired Ms. Betton as an Environmental

Service Aide at Medstar Washington Hospital Center.

9.     Ms. Betton's job duties included maintaining a clean and safe environment throughout

the hospital. Ms. Betton was responsible for the care of cleaning equipment, effective expenditure

of supplies, and maintenance of facilities.

10.     In or about July or August 2018, Terrance Mintah (male) became Ms. Betton's first-

level supervisor.

11.     In or about September or October 2018, Mr. Mintah and another Medstar supervisor

issued Ms. Betton an extremely positive performance rating. In the performance rating, Ms.

2

Betton's colleagues, including the nursing staff, complimented Ms. Betton on her positive performance.

**Soon after Medstar assigned Mr. Mintah as Ms. Betton's supervisor, Mr. Mintah made unwelcome sexual advances toward her.**

12.     In late-summer 2018, Mr. Mintah asked Mr. Betton to help him clean a closet in one of the hospital's buildings. While assisting Mr. Mintah to break down boxes in the closet, he came up to Mr. Betton and tried to kiss her. Ms. Betton moved her face before he could kiss her and left the closet. Ms. Betton immediately told her colleagues, Environmental Service Aids, Nikia Crump and Ronald Mathis, that Mintah had tried to kiss her.

13.     A few weeks later, Mr. Mintah asked Ms. Betton to come look at something on his clipboard. When Ms. Betton leaned in to look, Mr. Mintah again attempted to kiss her. Ms. Betton moved her body before he could kiss her and immediately left the area. Ms. Betton again told Ms. Crump and Mr. Mathis that Mr. Mintah had tried to kiss her.

14.     In or about December 2018, Ms. Betton took a week off for vacation after Mr. Mintah approved her leave request. Upon Ms. Betton's return, Mr. Mintah asked her if she "got enough sex" while on vacation. Ms. Betton did not respond but her colleague, Ronald Mathis, overheard Mr. Mintah's comment.

**Ms. Betton spurned Mr. Mintah's advances and Mr. Mintah responded by overly criticizing her once positive work performance.**

15.     Beginning in or about December 2018, Ms. Betton tried to avoid Mr. Mintah as much as possible. When Mr. Mintah would speak with Ms. Betton, he would get unreasonably close to her and she would back up.

16.     Further, when he tried to speak her about non-work-related topics, she would tell him that she only wanted to discuss work-related things.

17.     After Ms. Betton continued to spurn Mr. Mintah's advances, Mr. Mintah began to falsely criticize Ms. Betton's performance. In this regard, Mr. Mintah began to complain that Ms. Betton had not cleaned areas that were not yet scheduled for cleaning, that areas that were not Ms. Betton's responsibility were not cleaned by her, and that areas that were actively in use by patients and their families were not being cleaned while they used them. Mr. Mintah had never complained about Ms. Betton's performance until after she spurned his advances in December 2018.

18.     In or about December 2018, when Ms. Betton was leaving work, Mr. Mintah followed Ms. Betton into the stairwell to converse with her on her way home. In response, Ms. Betton told Mr. Mintah that she did not want to speak with him about non-work-related topics, that she was on her way home and off the-clock, and asked that he leave her alone.

19.     In or about January 16, 2019, Ms. Betton was in the unit and within her designated work area. Ms. Betton was not feeling well and went to use the restroom. Because Ms. Betton did not leave her unit, Ms. Betton did not notify anyone that she was going to use the restroom. While Ms. Betton was in the women's staff locker bathroom, Mr. Mintah entered the women's staff locker room, then the women's staff bathroom, and knocked on the door and called Ms. Betton's name. Ms. Betton, understandably shaken by the invasion of privacy, did not respond.

20.     Thereafter, Mr. Mintah called Ms. Betton into his office. Ms. Betton asked that her union representative attend the meeting. During the meeting, Mr. Mintah admitted that he entered the women's locker room and knocked on the bathroom door. Because Ms. Betton did not respond, Mr. Mintah alleged that Ms. Betton was not in the bathroom and left the floor. When Ms. Betton responded that she was in the restroom but did not respond, Mr. Mintah called Ms. Betton a liar, raised his voice, and required that the union representative intervene to calm him down.

**Ms. Betton complained to management about Mr. Mintah's inappropriate behavior and Mr. Mintah retaliated in response.**

4

21.     In or about January 2019, Ms. Betton requested a meeting with Tony Gill, Mr. Mintah's second-level supervisor.

22.     During the meeting, Ms. Betton informed Mr. Gill about Mr. Mintah's inappropriate behavior, including that he made inappropriate sexual comments in December 2018. Additionally, Ms. Betton said that Mr. Mintah was disrespectful, stated that he tried to kiss her, and told Mr. Gill that Mr. Mintah made her feel uncomfortable. Ms. Betton asked that Mr. Mintah limit contact with her unless it was work-related. Mr. Gill responded that he would talk to Mr. Mintah.

23.     After reporting Mr. Mintah's inappropriate behavior to Mr. Gill, Mr. Mintah's criticism of Ms. Betton's performance increased. Mr. Mintah began questioning Ms. Betton's colleagues about her whereabouts and ask whether they had seen her working, in addition to the ongoing criticism that he had already begun to level against her she spurned his advances.

24.     On or about January 24, 2019, approximately one week after reporting Mr. Mintah's inappropriate behavior to Mr. Gill, Mr. Mintah terminated Ms. Betton from her employment, alleging for the first time, that Ms. Betton was insubordinate.

25.     The stated reasons for Ms. Betton's termination are false and pretext for unlawful discrimination and retaliation.

26.     Defendant departed from its progressive discipline policies in terminating Ms. Betton's employment.

27.     As a direct and proximate result of Medstar's actions, Ms. Betton has suffered and continues to suffer damages including pain and suffering and lost wages.

28.     Defendant acted with malice and in reckless disregard of Ms. Betton's rights.

**COUNT I**
**D.C. Human Rights Act**
**D.C. Code § 2-1402, *et seq*.**
**(Unlawful Retaliation)**

29.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

30.     Plaintiff is an "employee" as defined in D.C. Code § 2-1401.02 (9).

31.     Defendant is an "employer" as defined in D.C. Code § 2-1401.02 (10).

32.     Plaintiff engaged in activity that the DCHRA protects when in or about January 2019, Plaintiff informed Defendant about Mr. Mintah's harassment.

33.     Defendant took an adverse action against Plaintiff when approximately one week after Plaintiff engaged in protected activity, Defendant terminated Plaintiff's employment.

34.     Defendant knew that Plaintiff engaged in protected activity because she reported the harassment to Mr. Gill, Mr. Mintah's second-level supervisor, and Defendant fired her one week after Plaintiff engaged in protected activity.

35.     Defendant has no legitimate business reasons for the adverse action it has taken against Plaintiff.

36.     Defendant's reasons for terminating Plaintiff are pretextual and the real reason is unlawful discrimination and retaliation.

37.     For Defendant's unlawful discrimination against Plaintiff in violation of D.C. Code § 2-1402, *et seq.*, Plaintiff is entitled to such legal and equitable relief as will effectuate the purposes of D.C. Code § 2-1402, *et seq.*, including but not limited to reinstatement, economic and compensatory damages, punitive damages, and reasonable costs and attorneys' fees.

38.     As a result of Defendant's illegal discrimination against Plaintiff, she has suffered substantial monetary damages, emotional distress damages, and harm to her professional reputation, and she will continue to sustain damages into the foreseeable future.

## COUNT II
### D.C. Human Rights Act

**D.C. Code § 2-1402,** *et seq.*
**(Discrimination Based on Sex – Hostile Work Environment and Quid Pro Quo)**

39.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

40.    Plaintiff is an "employee" as defined in D.C. Code § 2-1401.02(9).

41.    Defendant is an "employer" as defined in D.C. Code § 2-1401.02 (10).

42.    Plaintiff is a member of a protected class because she is a woman.

43.    Defendant subjected Plaintiff to unwelcome harassment when:

    a.    In late-summer and early-fall of 2018, Ms. Betton's supervisor, Mr. Mintah, tried to forcibly kiss Plaintiff without her consent on two occasions;

    b.    In or around December 2018, Mr. Mintah, asked Plaintiff if she "got enough sex" while on vacation;

    c.    Mr. Mintah began falsely criticizing Plaintiff's work after Plaintiff tried to avoid his inappropriate behavior;

    d.    Mr. Mintah followed Ms. Betton throughout the building, as she left work, and into the restroom;

    e.    Mr. Mintah micromanaged and criticized Ms. Betton's performance; and

    f.    On or about January 24, 2019, Defendant terminated Plaintiff's employment.

44.    The forgoing harassment was because Plaintiff is a woman.

45.    The harassment was severe and pervasive enough to affect Plaintiff's terms, conditions, and privileges of employment.

46.    Plaintiff was fired because she rejected the unwanted advances of Mr. Mintah.

47.     Defendant subjected Plaintiff to an unlawful hostile work environment based on her sex because it knew or should have known about the unlawful conduct but failed to take appropriate remedial action to correct and prevent it and also because Mr. Mintah is a supervisor.

48.     Defendant is liable for the conduct at issue because it knew or should have known about the unlawful conduct yet failed to take appropriate remedial action and because Mr. Mintah is a supervisor.

49.     For Defendant's unlawful discrimination against Plaintiff in violation of D.C. Code § 2-1402, *et seq.*, Plaintiff is entitled to such legal and equitable relief as will effectuate the purposes of D.C. Code § 2-1402, *et seq.*, including but not limited to reinstatement, economic and compensatory damages, punitive damages, and reasonable costs and attorneys' fees.

50.     As a result of Defendant's illegal discrimination against Plaintiff, she has suffered substantial monetary damages, emotional distress damages, and harm to her professional reputation, and she will continue to sustain damages into the foreseeable future.

### COUNT III
### Title VII of the Civil Rights Act of 1964
### 42 U.S. Code § 2000e–2 *et seq.*
### (Unlawful Retaliation)

51.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

52.     Plaintiff is an "employee" as defined in 42 U.S.C § 2000e–2 (f).

53.     Defendant is an "employer" as defined in 42 U.S.C § 2000e–2 (b).

54.     Plaintiff engaged in activity that Title VII protects when in or about January 2019, Plaintiff informed Defendant about Mr. Mintah's harassment.

55.     Defendant took an adverse action against Plaintiff when approximately one week after Plaintiff engaged in protected activity, Defendant terminated Plaintiff's employment.

8

56.     Defendant knew that Plaintiff engaged in protected activity because she reported the harassment to Mr. Gill, Mr. Mintah's second-level supervisor, and Defendant fired her one week after Plaintiff engaged in protected activity.

57.     Defendant has no legitimate business reasons for the adverse action it has taken against Plaintiff.

58.     Defendant's reasons for terminating Plaintiff are pretextual and the real reason is unlawful discrimination and retaliation.

59.     For Defendant's unlawful discrimination against Plaintiff in violation of 42 U.S.C § 2000e–2, *et seq*., Plaintiff is entitled to such legal and equitable relief as will effectuate the purposes of 42 U.S.C § 2000e–2, *et seq*., including but not limited to reinstatement, economic and compensatory damages, punitive damages, and reasonable costs and attorneys' fees.

60.     As a result of Defendant's illegal discrimination against Plaintiff, she has suffered substantial monetary damages, emotional distress damages, and harm to her professional reputation, and she will continue to sustain damages into the foreseeable future.

## COUNT IV
### Title VII of the Civil Rights Act of 1964
### 42 U.S. Code § 2000e–2 *et seq*.
### (Sexual Harrassment – Hostile Work Environment and Quid Pro Quo)

61.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

62.     Plaintiff is an "employee" as defined in 42 U.S.C § 2000e–2 (f).

63.     Defendant is an "employer" as defined in 42 U.S.C § 2000e–2 (b).

64.     Plaintiff is a member of a protected class because she is a woman.

65.     Defendant subjected Plaintiff to unwelcome harassment when:

9

     a.   In late-summer and early-fall of 2018, Ms. Betton's supervisor, Mr. Mintah, tried to forcibly kiss Plaintiff without her consent on two occasions;

     b.   In or around December 2018, Mr. Mintah, asked Plaintiff if she "got enough sex" while on vacation;

     c.   Mr. Mintah began falsely criticizing Plaintiff's work after Plaintiff tried to avoid his inappropriate behavior;

     d.   Mr. Mintah followed Ms. Betton throughout the building, as she left work, and into the restroom;

     e.   Mr. Mintah micromanaged and criticized Ms. Betton's performance; and

     f.   On or about January 24, 2019, Defendant terminated Plaintiff's employment.

66.     The forgoing harassment was because Plaintiff is a woman.

67.     The harassment was severe and pervasive enough to affect Plaintiff's terms, conditions, and privileges of employment.

68.     Plaintiff was fired because she rejected the unwanted advances of Mr. Mintah.

69.     Defendant subjected Plaintiff to an unlawful hostile work environment based on her sex because it knew or should have known about the unlawful conduct but failed to take appropriate remedial action to correct and prevent it and also because Mr. Mintah is a supervisor.

70.     Defendant is liable for the conduct at issue because it knew or should have known about the unlawful conduct yet failed to take appropriate remedial action and because Mr. Mintah is a supervisor.

71.     For Defendant's unlawful discrimination against Plaintiff in violation of 42 U.S.C § 2000e–2, *et seq.*, Plaintiff is entitled to such legal and equitable relief as will effectuate the

purposes of 42 U.S.C § 2000e–2, *et seq.*, including but not limited to reinstatement, economic and compensatory damages, punitive damages, and reasonable costs and attorneys' fees.

72.     As a result of Defendant's illegal discrimination against Plaintiff, she has suffered substantial monetary damages, emotional distress damages, and harm to her professional reputation, and she will continue to sustain damages into the foreseeable future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor against Defendant and award her the following relief:

   a.   Lost wage and benefits;

   b.   Reinstatement/front pay, promotion, or other equitable relief;

   c.   Compensatory damages for pain and suffering, in the amount of $500,000 or such other amount as is determined by a jury;

   d.   Punitive damages to be determined by a jury;

   e.   The amount of tax on any award;

   f.   Reasonable attorney's fees and costs of this action;

   g.   Prejudgment interest pursuant to DC statute; and

   h.   Any other further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts contained in the Complaint.

                    Respectfully submitted,

                    Alan Lescht & Associates, P.C.
                    By:  /s
                    Alan Lescht, Esq. (No. 441691)
                    1825 K Street NW, Suite 750
                    Washington, DC 20006

Tel: (202) 463-6036
Fax: 202.463.6067
alan.lescht@leschtlaw.com

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Maureen Betton

vs

Medstar Washington Hospital Center Corp.

Case Number: __2021 CA 000619 B__

Date: __03/01/2021__

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Alan Lescht | Relationship to Lawsuit |
| Firm Name:<br>Alan Lescht & Associates | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>(202) 463-6036 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury       ☐ 6 Person Jury       ☒ 12 Person Jury
Demand: $ 500,000                                   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract       ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty       ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 27 Insurance/Subrogation              ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☒ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation             ☐ 34 Insurance/Subrogation
☒ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                              ☐ 28 Motion to Confirm Arbitration
                                  Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion             ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander            ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference       ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest              ☐ 16 Negligence- (Not Automobile, Not Malpractice)  ☐ 23 Tobacco
☐ 08 Fraud                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

## II.

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

## D.  REAL PROPERTY

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Alan Lescht

Attorney's Signature

3/1/2021

Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Maureen Betton
_____
                                    Plaintiff

vs.                                                    Case Number  _____

Medstar Washington Hospital Center Corp.
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alan Lescht                                                   *Clerk of the Court*
_____
Name of Plaintiff's Attorney

1825 K Street, N.W., Suite 750                      By _____
_____
Address                                                            Deputy Clerk

Washington., D.C. 20006
(202) 463-6033                                             Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

      IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Maureen Betton
_____
                                        Demandante

        contra

                                                        Número de Caso: _____
Medstar Washington Hospital Center Corp.
_____
                                        Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio.  Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación.  Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante.  El nombre y dirección del abogado aparecen al final de este documento.  Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados.  Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante.  Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Alan Lescht                                                        _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

1825 K St NW #750                                                Por: _____
_____
Dirección                                                                        Subsecretario
1825 K Street, N.W., Suite 750

| Washington., D.C. 20006                                        Fecha _____
(202) 463-6033
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE:  SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MAUREEN BETTON
    Vs.                            C.A. No.      2021 CA 000619 B
MEDSTAR WASHINGTON HOSPITAL CENTER CORP.

### INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

    (1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

    (3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

    (4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

    (5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                   Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:     March 1, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, June 04, 2021
Location:  Courtroom 100
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

2

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:**  (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page



AUDIO ALTERNATIVE:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|---|
| | 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| | 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| | 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| | 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| | 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| | JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| | A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| | B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| | B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| | B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| | B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |